Rise Dale **TETALMAN**, as Executor of
the Estate of Marc Ronald Tetalman
and in Her Own Behalf

v.

**HOLIDAY INN**, United Inns, Inc.,
Lammons Hotel Courts, Inc.,
City of Atlanta.

Civ. A. No. 80–1001.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 18, 1980.

Russell H. Volkema, Volkema & Scher-
ner, Columbus, Ohio, Edward Andrews, At-
lanta, Ga., for plaintiff.

Douglas Dennis, Dennis, Corry, Webb,
Carlock & Williams, Ferrin Y. Mathews &
Mary Carole Cooney, Atlanta, Ga., for de-
fendants.

## ORDER

ORINDA DALE EVANS, District Judge.

This wrongful death and personal injury
action arising from the murder of Marc
Ronald Tetalman within the City of Atlanta
and brought under diversity jurisdiction is
now before the Court on Defendant City of
Atlanta's Motion to Dismiss and Plaintiff's
Motion to Amend and to Stay Proceedings.
Defendant City of Atlanta objects to Plain-
tiff's proposed amended complaint on the
ground that it fails to allege new jurisdic-
tional facts.

The Court finds that in the interests of
justice, Plaintiff should be allowed to
amend her complaint. Therefore, Plain-
tiff's Motion to Amend and Stay is hereby
GRANTED and Plaintiff is DIRECTED to
serve a copy of her amended complaint on
each of the Defendants within ten (10) days
from entry of this Order.

Although the Defendant's original Motion
to Dismiss is moot now that Plaintiff has
been allowed to amend her complaint, the
Court will treat Defendant's responsive
brief as its Motion to Dismiss the amended
complaint and will consider Plaintiff's reply
brief as her response to such Motion.
Plaintiff alleges in her amended complaint
that Defendant City of Atlanta violated 42
U.S.C. § 1983 in the following manner:

8. Plaintiff Executor says further
that the defendant City of Atlanta adver-
tised itself as a desirable convention cen-
ter which is safe for conventioneers; that
the defendant city was in fact unsafe for
conventioneers; that this fact was known
to the defendant; that notwithstanding
this knowledge of danger this defendant
failed to warn Marc Ronald Tetalman of

any danger areas within the city and failed properly to protect him and failed to properly police the area while he was within the defendant's city limits, and thereby interfered with his constitutionally protected right to travel. (Amended Complaint, paragraph 8)

Defendant City of Atlanta contends that such allegations fail to show any action attributable to the City which could be said to constitute official policy or custom which deprived Marc Ronald Tetalman of any constitutionally protected rights.

In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Court held:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local government, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to government "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels. (at 690–91, 98 S.Ct. at 2035–2036)

Plaintiff would have this Court hold that the inducement by the City of Atlanta to potential conventioneers to visit what is advertised as a "safe" location for conventions, in conjunction with the City's failure to protect conventioneers while in Atlanta, is sufficient to state a claim against the City of Atlanta under § 1983.

Assuming arguendo that Plaintiff has alleged an official policy or custom of Defendant City of Atlanta, the Court finds that Plaintiff has not alleged deprivation of or interference with Mr. Tetalman's constitutionally protected right to travel, which is basically the right to travel unrestricted by unreasonable government interference or regulation. *See, e. g., Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Any representation by the City of a safe environment for conventioneers has the effect of encouraging, not restricting commerce coming into the City. Any failure by the City to maintain a safe environment in a specific area or areas of town may adversely affect one's desire to enter such areas, but it does not amount to governmental restriction. And conceding arguendo that the City's alleged failings had the practical effect of limiting a conventioneer's sightseeing options in Atlanta, such limitation does not rise to the level of interference with the right to "travel" because of its localized and limited nature.

Finally, Plaintiff's claim cannot proceed on the basis of attribution of responsibility for Mr. Tetalman's death to the City, since his death was caused by an unidentified individual with no apparent connection to city government. Thus, his murder was too remote a consequence of the City's alleged behavior to hold the city responsible under § 1983. *See Martinez v. California*, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980).

Plaintiff's Motion to Amend is hereby GRANTED and Defendant City of Atlanta's Motion to Dismiss is hereby GRANTED.